07-4706-ag
Wu v. Holder

BIA
A70 908 558

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11ᵗʰ day of May, two thousand ten.

PRESENT:
        GUIDO CALABRESI,
        ROBERT A. KATZMANN,
        DEBRA ANN LIVINGSTON,
            *Circuit Judges.*

------------------------------------------------

AI QING WU,
        *Petitioner,*

        v.                                    07-4706-ag
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,* UNITED STATES
DEPARTMENT OF JUSTICE,
        *Respondents.*

------------------------------------------------

FOR PETITIONER:     Bruno Joseph Bembi, Hempstead, N.Y.

FOR RESPONDENT:     Gregory G. Katsas, Assistant

---

    *  Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Acting Attorney General Peter D. Keisler as a respondent in this case.

Attorney General; Ernesto H. Molina, Jr., Assistant Director; Jamie Dowd, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Ai Qing Wu, a native and citizen of the People's Republic of China, seeks review of an October 12, 2007, order of the BIA denying his motion to reopen. *In re Ai Qing Wu*, No. A070 908 558 (B.I.A. Oct. 12, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review a BIA decision to deny a motion to reopen deferentially for abuse of discretion. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). There is no dispute that Wu's second motion to reopen, filed in November 2006, was untimely and number-barred because the BIA issued a final order of removal in June 2002. *See* 8 C.F.R. § 1003.2(c)(2). There are no time and numerical limits for filing a motion to reopen, however, if it is "based on

2

changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). The BIA reasonably found that Wu did not qualify for such an exception.

Wu failed to establish changed country conditions based on the birth of his U.S. citizen children. *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005); *see also Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006). Moreover, we have previously reviewed the BIA's analysis of evidence similar to that which Wu submitted in this case and have found no error in its conclusion that such evidence does not demonstrate either material changed country conditions excusing the time and numerical limits for filing a motion to reopen or a reasonable possibility of forced sterilization. *See Jian Hui Shao*, 546 F.3d at 158-73; *see also Wei Guang Wang*, 437 F.3d at 275. In addition, the BIA's failure to consider Wu's argument that he was eligible to file a successive asylum application based on his changed personal circumstances is of no moment because remand would be

3

futile, *see Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir. 2007). *See* our decision in *Yuen Jin v. Mukasey*, 538 F.3d 143 (2d Cir. 2008), which required that "an alien under a final removal order must file a successive asylum application in conjunction with a motion to reopen and in accordance with those procedural requirements." *Id.* at 156. Accordingly, we deny Wu's petition for review to this extent.

We lack jurisdiction to review the BIA's decision insofar as it declined to reopen Wu's proceedings *sua sponte* to allow an application for adjustment of status. *Mahmood v. Holder*, 570 F.3d 466, 469 (2d Cir. 2009) ("Because Mahmood's untimely motion [seeking] to reopen [based on his eligibility to adjust status] was not excused by any regulatory exception, his motion to reopen could only be considered upon exercise of the Agency's *sua sponte* authority."); *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006); 8 C.F.R. § 1003.2(a). Moreover, Wu has not demonstrated that the BIA "declined to exercise its *sua sponte* authority because it misperceived the legal background and thought, incorrectly, that a reopening would necessarily fail [such that] remand to the Agency for

4

reconsideration in view of the correct law is appropriate."
*Mahmood*, 570 F.3d at 469.  Accordingly, we dismiss Wu's
petition for review to this extent.

For the foregoing reasons, the petition for review is
DENIED in part and DISMISSED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk